*Otis Wood, assignee, &c.* v. *Charles Oakley et al.* E. Slosson, for appellant ; E. Sandford, for respondent. Appeal by J. P. Moore, the purchaser at a master's sale, from an order of the vice chancellor of the first circuit, directing him to complete his purchase of the premises which had been sold to him under a decree of foreclosure. The objection to the title was, that judgment creditors who had general liens upon the equity of redemption had not been made parties to the foreclosure suit ; and that the final decree in that suit was not made until after the act of May 7th, 1844, in relation to the foreclosure of mortgages, went into effect. The chancellor decided that so much of the 9th section of the act of May, 1840, as is inconsistent with the amendment of May 7th, 1844, does not apply to future suits. But that the first clause of the original section, which declared that it should not be necessary to make any person who had a lien upon the mortgaged premises, by judgment or decree subsequent to the mortgage, a party to the foreclosure suit, remains in full force as to every suit which was commenced against the proper parties previous to the 27th of May, 1844, when the amendment of the last session took effect as a law. That the act of May, 1844, was not intended to have a retrospective operation.

*Margin notes:*

Construction of act of May 7th, 1844, relative to the foreclosure of mortgages.

Subsequent judgment creditors when necessary parties to foreclosure suit.

That as the statute now is, with the amendment of the 9th section made by the act of May, 1844, the complainant in a foreclosure suit must file a notice of the pendency and object of the suit at least forty days before he can obtain a decree. And that judgment creditors whose liens are subsequent to the mortgage, and who are not made parties to the suit, may apply to be parties; or may claim a share of the surplus moneys arising from a sale under the decree; or may apply to set aside a sale under the decree, in the same manner as if they were parties to the suit.

And the chancellor decided that as this suit was commenced previous to the 27th of May, 1844, the judgment creditors had no right to redeem the premises from the master's sale in this case.

Order of the vice chancellor affirmed with costs.